■ STRASBOURG REALTY COMPANY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [597 NYS2d 57] —Judgment, Supreme Court, New York County (Eugene L. Nardelli, J.), entered September 11, 1992, denying plaintiffs' motion for summary judgment and granting defendants' cross-motion for summary judgment declaring that the restrictive declaration is binding on the property and remains in full force and effect, unanimously affirmed, without costs.

We agree with the IAS Court that paragraph 5.01 of the restrictive declaration was not triggered by adoption of the Quality Housing amendments to the C6-2A districts. Plaintiffs obtained a zoning change to C6-2A specifically on condition that they execute the restrictive declaration. Paragraph 5.01 thereof would allow removal of the restrictions in the declaration if the subject property were not developed and the C6-2A zoning designation were changed to another or where the C6-2A zoning designation was substantially changed. Here, the additional requirements of the Quality Housing amendments do not affect bulk development to any significant degree and while it has some effect on density, it cannot be deemed substantial in view of the fact that when the zoning amendment change was approved, plaintiffs were not guaranteed any specific density allowance. In sum, the Quality Housing amendments simply continued and added further zoning requirements to all C6-2A areas and do not vitiate the very restrictive declaration which was needed to allow for development of residential buildings in this community in the first place. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Kassal, JJ.